JUSTICE GRAY
specially concurring.
I concur in the Court’s opinion regarding negligence and res ipsa loquitur. I specially concur in the result the Court reaches on whether a violation of § 81-4-101, MCA, is negligence per se, even though I do not agree with all that is said on that subject. My concurrence in the result is based on the fact that the Workmans’ arguments in this regard are unpersuasive.
The Workmans advance only two arguments with regard to the applicability of § 81-4-101, MCA. First, they argue that application of negligence per se based on a violation of the “legal fence” statute is inconsistent with the prohibition in § 60-7-203, MCA, against presumptions or inferences of negligence on the part of a livestock owner in a civil action involving a vehicle-domestic animal accident on the highway. It is my view that no inconsistency exists. In an ordinary negligence action, the plaintiff must prove the existence of *74 a legal duty and a breach of that duty; it is to those elements of an ordinary negligence action which the § 60-7-203, MCA, prohibition against inferences and presumptions of negligence relates.
Negligence per se is a separate theory of liability premised on the violation of a statute. In a negligence per se claim, the plaintiff need not establish the existence of a duty and a breach of that duty. Where a statute applies, the plaintiff need only establish that the defendant violated the statute and then prove that the damage or injury was caused by the statutory violation. Inferences or presumptions of negligence have no bearing on a negligence per se claim. Thus, I would reject the Workmans’ first argument regarding the applicability of § 81-4-101, MCA, in this case.
The Workmans’ second argument is equally unpersuasive. They argue that the definition of a legal fence in Montana is ambiguous because of the existence of two statutes, §§ 81-4-101 and 81-4-203, MCA, on the subject. Section 81-4-101, MCA, as set forth in its entirety in the Court’s opinion, sets forth the types offences which “shall be a legal fence in the state of Montana[;]” those fences include, among others, fences constructed of “at least three barbed, horizontal, well-stretched wires” of certain heights. The Workmans point out that § 81-4-203, MCA, references fences “of not less than two wires in good repair.” On this basis, they argue that the definition of a legal fence is ambiguous and, therefore, that their gate complies with at least part of the definition.
The flaw in this argument is that, by its terms, § 81-4-203, MCA, applies only vis-a-vis certain other statutes. The limiting language states: “In 81-4-204, 81-4-207, and 81-4-208,” certain subsequent definitions apply; the “fence of not less than two wires in good repair” language follows the limiting introductory language of § 81-4-203, MCA. The statutes referred to in § 81-4-203, MCA, are not involved in the case before us. Thus, I would reject the Workmans’ second argument regarding the applicability of § 81-4-101, MCA.